# In the United States Bankruptcy Court for the District of Maryland

| | |
|---|---|
| In re:<br><br>**ANDREW ROBINSON, JR.,**<br><br>*Debtor.* | Bankruptcy No. 09-2-4997 PM<br><br>Chapter 11<br><br>**DEBTOR'S CHAPTER 11 PLAN DATED APRIL 21, 2014** |

**ANDREW ROBINSON, JR.** ("Debtor"), Debtor-in-Possession, through the undersigned counsel, hereby submit to creditors, as proponent, this Plan of Reorganization (the "Plan") pursuant to Section 1121, *et seq.,* of the United States Bankruptcy Code, 11 U.S.C. (the "Code").

A detailed discussion of the Plan and its implementation is found in the Disclosure Statement of even date herewith. The Plan should be read in conjunction with the Disclosure Statement. The Debtor urges creditors and parties in interest to consult with counsel. The parties in interest should not rely on any representations not contained in the Plan or Disclosure Statement in making a determination in voting on the Plan. A detailed discussion of the voting rights of creditors is contained in the Disclosure Statement.

## ARTICLE I - DEFINITIONS

1.1     "Administrative Bar Date" means the first Business Day thirty (30) days after the Effective Date, and is the date by which all Administrative Claims must be filed with the Bankruptcy Court, except as otherwise provided in the Plan.

1.2     "Administrative Claim" means any cost or expense of administration of the Estate allowed under § 503(b) of the Bankruptcy Code, proof (or request for payment or approval) of which is timely filed by the Administrative Bar Date, and any fees and charges assessed against the estate under 28 U.S.C. § 1930.

1.3     "Allowed Claim" means a Claim against the Debtor (a) which is listed in the Debtor's Schedules (as amended), other than a Disputed Claim or a Claim to which an objection has been interposed; or (b) proof of which has been timely filed and with respect to which no timely filed objection to the allowance thereof has been interposed; or (c) which has been allowed by the Court in a Final Order, but only in the amount allowed. An Allowed Claim shall not include unmatured or post-petition interest unless otherwise stated in the Plan.

1.4     "Assets" means all property, real or personal, in which the Debtor has an interest.

CHUNG & PRESS, LLC
6404 IVY LANE SUITE 730
GREENBELT, MD 20770
(301) 924–4400
lawyer@brettweiss.com

1.5 "Avoidance Actions" means proceedings commenced under Chapter 5 of the Bankruptcy Code.

1.6 "Ballot" means the form distributed to each holder of an impaired Claim on which is to be indicated, among other things, acceptance or rejection of the Plan.

1.7 "Bankruptcy Code" means Title 11 of the United States Code.

1.8 "Bankruptcy Court" means the United States Bankruptcy Court for the District of Maryland, or if such court ceases to exercise jurisdiction over the Case, the court or adjunct thereof that exercises jurisdiction over the Case.

1.9 "Bankruptcy Rules" means (i) the Federal Rules of Bankruptcy Procedure, and (ii) the Local Bankruptcy Rules for the Bankruptcy Court, in either case, as now in effect or hereinafter amended (except that all time periods herein shall be calculated in accordance with the Bankruptcy Rules as in effect on the date hereof).

1.10 "Bar Date" means the date designated by the Bankruptcy Court as the last date for filing a proof of claim or proof of interest, as the case may be, against the Debtor. The Bar Date was **December 21, 2009**.

1.11 "Business Day" means any day except Saturday, Sunday, or other day on which commercial banks in the State of Maryland are authorized or required by law to close, or any other "legal holiday" as defined in Bankruptcy Rule 9006(a).

1.12 "Case" means the case commenced under Chapter 11 of the Code pending in the Bankruptcy Court, and bearing **Case No. 09-2-4997 PM**.

1.13 "Cash" means United States currency, drafts, checks, deposit accounts or other cash equivalents.

1.14 "Claim" means a claim as defined in § 101(5) of the Code.

1.15 "Claimant" means a Person holding a Claim against the Debtor(s).

1.16 "Class" means each class of Claims or Interests established and set forth in Article II of the Plan.

1.17 "Collateral" means any property or interest in property of the Debtor(s) subject to a Lien to secure the payment or performance of a Claim, which Lien is not subject to avoidance or otherwise invalid under the Code or applicable state law.

1.18 "Confirmation" means the entry of a Final Order of the Bankruptcy Court confirming the Plan.

1.19 "Confirmation Date" means the date on which the Confirmation Order is entered by the Bankruptcy Court.

1.20 "Confirmation Hearing" means the hearing under § 1128 of the Code scheduled by the Bankruptcy Court for consideration of Confirmation of the Plan as it may be continued from time to time.

1.21 "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan.

1.22 "Creditor" means the holder of a Claim.

1.23 "Days" shall be calculated in accordance with Rule 6 of the Federal Rules of Civil Procedure.

1.24 "Debtor" means **Andrew Robinson, Jr.**

1.25 "Disclosure Statement" means the Disclosure Statement filed or to be filed by Debtor in connection with this Plan, as modified, if applicable.

1.26 "Disputed Claim" means a Claim:

(a) which is listed as disputed or contingent in the Debtor's Schedules as filed or as amended, or

(b) which is listed as disputed under any provision of this Plan, or

(c) as to which a proof of claim was timely filed and an objection to such Claim was filed within 30 days after the Effective Date.

1.27 "Effective Date" means the date that is thirty (30) days after the Confirmation Order becomes a Final Order.

1.28 "Equipment" means all machinery, tools, motor vehicles, furniture and fixtures, and all parts thereof and all accessions thereto and all software related thereto, including software that is embedded in and is part of said Equipment, so as not to include any Inventory.

1.29 "Exempt Property" means property claimed as exempt on Schedule C (as amended, if applicable) filed by the Debtor, unless such exemption has been disallowed by the Bankruptcy Court upon timely objection.

1.30 "Estate" means the bankruptcy estate(s) of the Debtor. The use of the term in the singular does not mean that the estates are substantively consolidated.

1.31   "Executory Contracts" means all contracts, including unexpired leases, to which the Debtor was a party on the Petition Date and which were executory within the meaning of § 365 of the Code and which may be assumed or rejected by the Debtor.

1.32   "Final Decree" means the Final Order of the Bankruptcy Court that closes and dismisses the Case.

1.33   "Final Order" means an order or judgment of the Bankruptcy Court as entered on the docket in the case, that has not been reversed, stayed, modified, or amended, and as to which, either (i) the time to appeal or seek certiorari has expired and no appeal or petition for certiorari has been timely filed, or (ii) any appeal or petition for certiorari that has been filed has been resolved by the highest court to which the order or judgment was appealed from or from which certiorari was sought.

1.34   "Inventory" means all goods held for sale or lease, including all raw materials, work in process, finished goods, and material used or consumed in the manufacture, production, preparation or shipping thereof, so as not to include any Equipment.

1.35   "Lien" has the meaning set forth in §101(37) of the Code.

1.35A   "Material Default" of the Debtor shall occur if (1) Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan, for more than 14 calendar days after the time specified in the Plan for such payment or other performance; (2) upon such failure, the affected creditor has served upon Debtor and Debtor's attorney a written notice of Debtor's default; and (3) Debtor fails within 21 calendar days after the date of service of the notice of default either: (i) to cure the default; or (ii) to obtain from the court or affected creditor an extension of time to cure the default, or a determination that no default occurred.

1.36   "Miscellaneous Assets" means Assets other than Inventory, Equipment, Accounts Receivable or Avoidance Actions.

1.37   "Person" means an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, a government, or any political subdivision thereof, or other legal entity.

1.38   "Petition Date" means **August 13, 2009,** the date on which the voluntary petition for relief under Chapter 11 of the Code was filed by the Debtor.

1.39   "Plan" means this Plan, as it may be amended from time to time.

1.40   "Priority Claim" means a Claim made pursuant to § 507(a) of the Code, other than an Administrative Claim or a Professional Claim.

CHUNG & PRESS, LLC
6404 IVY LANE SUITE 730
GREENBELT, MD 20770
(301) 924–4400
lawyer@brettweiss.com

1.41 "Priority Tax Claim" means any Allowed Claim for taxes, including without limitation, income, property, withholding, payroll or excise taxes, or any penalty related to the foregoing to the extent such Claim is entitled to priority under § 507(a)(8) of the Code.

1.42 "Professional" means any attorney, accountant, appraiser, consultant, financial advisor or other professional retained or to be compensated pursuant to an order of the Bankruptcy Court entered under any provision of the Code.

1.43 "Professional Claim" means any Claim for compensation or reimbursement of a Professional arising at any time before the Confirmation Date.

1.44 "Proof of Claim" means a proof of Claim filed pursuant to § 501 of the Code and Part III of the Bankruptcy Rules.

1.45 "Rejection Claim" means a Claim arising from the rejection of an executory contract or unexpired lease in such amounts as are permitted by the Code and applicable law, and as are allowed by the Bankruptcy Court.

1.46 "Schedules" means the schedules of assets and liabilities and statement of financial affairs filed by the Debtor with the Bankruptcy Court and any amendments thereto.

1.47 "Secured Claim" means any Claim, debt, or demand against the Debtor(s) as determined in accordance with § 506(a) of the Code which is secured by a properly perfected mortgage, deed of trust, Lien, pledge, or security interest in, or right of set off against, any Property of the Debtor(s), but only to the extent of the value of the Collateral as of the Confirmation Hearing.

1.48 "Unexpired Lease" means a lease of personalty or realty which had neither expired by its terms nor been properly terminated as of the Petition Date, and which has not expired by its terms or been rejected by a Final Order on or prior to the Confirmation Date.

1.49 "Unliquidated Claim" means any Claim, the amount of liability for which has not been fixed, whether pursuant to agreement, applicable law, or otherwise, as of the date on which such Claim is sought to be estimated.

1.50 "Unsecured Claim" means any unsecured debt, demand, or Claim of whatever nature other than an Administrative Expense, a Professional Claim, a Priority Claim, a Priority Tax Claim, or a Secured Claim, to the extent as determined and allowed by the Bankruptcy Court in accordance with § 502 of the Code.

CHUNG & PRESS, LLC
6404 IVY LANE SUITE 730
GREENBELT, MD 20770
(301) 924–4400
lawyer@brettweiss.com

## ARTICLE II – CLASSIFICATION OF CLAIMS AND INTERESTS

2.1     Class A (Priority (non-tax) Claims):  Class A consists of Priority Claims under § 507 other than Administrative Claims and Priority Tax Claims.

2.2.    Class B-1 (Deutsche Bank Trust Company Americas secured claim): Class B-1 consists of the secured prepetition claim of Deutsche Bank Trust Company Americas, (Claim No. 11), in the amount of $630,899.45 as of the filing date, secured by a deed of trust on the Debtor's real estate at 100 2nd Street NE, #A310, Minneapolis, Minnesota.

2.3.    Class B-2 (GMAC Mortgage, LLC secured claim): Class B-2 consists of the secured prepetition claim of GMAC Mortgage, LLC, (Claim No. 10), in the amount of $299,099.16 as of the filing date, secured by a deed of trust on the Debtor's real estate at 1921 Barrington Court, Mitchellville, Maryland.

2.4.    Class B-3 (Residential Funding Company, LLC secured claim): Class B-3 consists of the secured prepetition claim of Residential Funding Company, LLC, (Claim No. 15), in the amount of $134,339.08 as of the filing date, secured by a deed of trust on the Debtor's real estate at 2313 Jameson Street, Temple Hills, Maryland.

2.5.    Class B-4 (Ocwen Federal Bank, FSB secured claim): Class B-4 consists of the secured prepetition claim of Ocwen Federal Bank, FSB (Claim No. 12), in the amount of $583,286.03 as of the filing date, secured by a deed of trust on the Debtor's real estate at 29, 15th Street, NE, Washington, D.C.

2.6.    Class B-5 (Bank of America, N.A. secured claim): Class B-5 consists of the secured prepetition claim of Bank of America, N.A., (no claim filed), in the approximate amount of $254,200.00 as of the filing date, secured by a deed of trust on the Debtor's real estate at 3-5 West 122nd Street, New York, New York.

2.7.    Class B-6 (CitiMortgage, Inc. secured claim): Class B-6 consists of the secured prepetition claim of CitiMortgage, Inc., (Claim No. 23), in the amount of $177,489.69 as of the filing date, secured by a deed of trust on the Debtor's real estate at 4613 Sharon Road, Temple Hills, Maryland.

2.8.    Class B-7 (JPMorgan Chase Bank National Association secured claim): Class B-7 consists of the secured prepetition claim of JPMorgan Chase Bank National Association, (Claim No. 7), in the amount of $374,433.87 as of the filing date, secured by a deed of trust on the Debtor's real estate at 4711 Alcon Drive, Temple Hills, Maryland.

2.9.    Class B-8 (The Bank of New York Mellon Trust Company, National Association secured claim): Class B-8 consists of the secured prepetition claim of The Bank of New York Mellon Trust Company, National Association, (Claim No. 8), in the amount of $271,268.40 as of the filing date, secured by a deed of trust on the Debtor's real estate at 8103 Picard Lane, Upper Marlboro, Maryland.

    2.10.   <u>Class B-9 (US Bank National Association secured claim)</u>: Class B-9 consists of the secured prepetition claim of US Bank National Association, (Claim No. 13), in the amount of $67,786.13 as of the filing date, secured by a deed of trust on the Debtor's real estate at 8103 Picard Lane, Upper Marlboro, Maryland.

    2.11.   <u>Class B-10 (Bank of America, N.A. secured claim)</u>: Class B-10 consists of the secured prepetition claim of Bank of America, N.A. (no claim filed), in the approximate amount of $282,583.29 as of the filing date, secured by a deed of trust on the Debtor's real estate at 8107 Picard Lane, Upper Marlboro, Maryland.

    2.12.   <u>Class B-11 (Bank of America, N.A. secured claim)</u>: Class B-11 consists of the secured prepetition claim of Bank of America, N.A. (no claim filed), in the approximate amount of $70,374.49 as of the filing date, secured by a deed of trust on the Debtor's real estate at 8107 Picard Lane, Upper Marlboro, Maryland.

    2.13.   <u>Class B-12 (Bank of America, N.A. secured claim)</u>: Class B-12 consists of the secured prepetition claim of Bank of America, N.A., (no claim filed), in the approximate amount of $95,269.00 as of the filing date, secured by a deed of trust on the Debtor's real estate at 845 Birkshire Terrace, Hampton, Virginia.

    2.14.   <u>Class B-13 (NationStar Mortgage, LLC secured claim)</u>: Class B-13 consists of the secured prepetition claim of NationStar Mortgage, LLC, (Claim No. 2), in the amount of $284,000.00 as of the filing date, secured by a deed of trust on the Debtor's real estate at 9016 Lake Largo Drive, Upper Marlboro, Maryland.

    2.15.   <u>Class B-14 (E*Trade secured claim)</u>: Class B-14 consists of the secured prepetition claim of E*Trade (Claim No. 4), in the amount of $70,523.47 as of the filing date, secured by a lien against 9016 Lake Largo Drive, Upper Marlboro, Maryland.

    2.16.   <u>Class B-15 (US Bank National Association secured claim)</u>: Class B-15 consists of the secured prepetition claim of US Bank National Association, (Claim No. 17), in the amount of $273,834.13 as of the filing date, secured by a deed of trust on the Debtor's real estate at 9631 Reiker Drive, Upper Marlboro, Maryland 20774.

    2.17.   <u>Class B-16 (Residential Funding Company, LLC secured claim)</u>: Class B-16 consists of the secured prepetition claim of Residential Funding Company, LLC, (Claim No. 9), in the amount of $58,025.65 as of the filing date, secured by a deed of trust on the Debtor's real estate at 9631 Reiker Drive, Upper Marlboro, Maryland.

    2.18.   <u>Class B-17 (Bank of America, N.A. secured claim)</u>: Class B-17 consists of the secured prepetition claim of Bank of America, N.A., (no claim filed), in the approximate amount of $121,940.00 as of the filing date, secured by a deed of trust on the Debtor's real estate at 9701 Reiker Drive, Largo, Maryland.

**CHUNG & PRESS, LLC**
6404 IVY LANE SUITE 730
GREENBELT, MD 20770
(301) 924–4400
lawyer@brettweiss.com

  2.19. <u>Class B-18 (Village Lofts of Saint Anthony secured claim)</u>: Class B-11 consists of the secured prepetition claim of Village Lofts of Saint Anthony (Claim No. 14), in the amount of $6,271.47 as of the filing date, secured by a lien on the Debtor's real estate at 100 2nd Street NE, A310, Minneapolis, Minnesota

  2.20. <u>Class C (General Unsecured Claims)</u>: Class C consists of all general unsecured claims against the Debtor, including Classes B-9, B-11, B-14, B-16 and B-18.

  2.21. <u>Class D (Equity Interests)</u>: Class D consists of the Debtor's equity interests in the Estate.

## ARTICLE III– TREATMENT OF CLAIMS AND INTERESTS

  3.1. <u>Administrative Expenses (Unclassified)</u>: Administrative Expense claims approved and allowed by the Court shall be paid in full, in cash, by the Debtor on the Effective Date or as soon thereafter as the amount thereof can be fixed, unless a different treatment is agreed to or provided for in this Plan. Administrative claims which by their terms are not due and payable on or before the Effective Date shall be paid as and when due.

  (a) The total unpaid professional fees as of the date of this Plan are estimated to be approximately $75,000.00, of which $20,000.00 is covered by the prepetition retainer. The Debtor is unaware of any other unpaid administrative expense claims.

  (b) All pre-confirmation fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6), which shall be paid on the Effective Date, if not paid sooner. After confirmation, and until the case is closed, the Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6).

  3.2. <u>Priority Taxes (Unclassified)</u>: It is believed that there are no claims in this class. None were scheduled and the bar date has passed. To the extent such claims exist, such claims shall be paid in full, with interest at the statutory rate on such claims, in equal quarterly cash payments commencing 90 days after the effective date of the plan, amortized over the remaining period of 5 years from the Petition Date, unless a different treatment is agreed to or provided for in the Plan.

  3.3 <u>Class A (Priority (non-tax) Claims)</u>:  The Debtor is unaware of any such claims, and no proofs of claim in this class have been filed. In the unlikely event that there are any allowed Claims in Class A, they shall be paid in full, in cash, by the Debtor on the Effective Date or as soon thereafter as the amount thereof can be fixed, unless a different treatment is agreed to or provided for in this Plan. This class is not impaired.

  3.4. <u>Class B-1 (Deutsche Bank Trust Company Americas secured claim)</u>: Class B-1 consists of the secured prepetition claim of Deutsche Bank Trust Company Americas, (Claim No. 11), in the amount of $630,899.45 as of the filing date, secured by a deed of trust on the Debtor's real estate at 100 2nd Street NE, #A310, Minneapolis, Minnesota. **A**

**CHUNG & PRESS, LLC**
6404 IVY LANE SUITE 730
GREENBELT, MD 20770
(301) 924–4400
lawyer@brettweiss.com

– 8 –

**Motion to Avoid Lien has been filed at Docket No. 369 regarding such claim and is pending. Assuming the Motion is granted, this secured claim shall be valued under 11 U.S.C. § 506(a) at $570,000.00 as of the Effective Date of the plan.** This valuation is per an appraisal dated April 7, 2014 (Exhibit D). If this claimant disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by Debtor will be determined to be the value of the collateral. The balance of the claim shall be treated for all purposes as an unsecured Class C claim. The secured portion of the claim shall be paid in 360 monthly payments of $2,804.06 ($570,000.00 amortized over 30 years at an interest rate of 4.25% *per annum*), plus any escrow deposit for taxes and insurance as provided in the existing loan documents. **This class is impaired.**

   3.5. <u>Class B-2 (GMAC Mortgage, LLC secured claim)</u>: Class B-2 consists of the secured prepetition claim of GMAC Mortgage, LLC, (Claim No. 10), in the amount of $299,099.16 as of the filing date, secured by a deed of trust on the Debtor's real estate at 1921 Barrington Court, Mitchellville, Maryland. **This secured claim shall be valued under 11 U.S.C. § 506(a) at $241,000.00 as of the Effective Date of the plan.** This valuation is per an appraisal dated April 16, 2014 (Exhibit D). If this claimant disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by Debtor will be determined to be the value of the collateral. The balance of the claim shall be treated for all purposes as an unsecured Class C claim. The secured portion of the claim shall be paid in 360 monthly payments of $1,185.58 ($241,000.00 amortized over 30 years at an interest rate of 4.25% *per annum*), plus any escrow deposit for taxes and insurance as provided in the existing loan documents. **This class is impaired.**

   3.6. <u>Class B-3 (Residential Funding Company, LLC secured claim)</u>: Class B-3 consists of the secured prepetition claim of Residential Funding Company, LLC, (Claim No. 15), in the amount of $134,339.08 as of the filing date, secured by a deed of trust on the Debtor's real estate at 2313 Jameson Street, Temple Hills, Maryland. Pre- and post-petition arrears as of the Effective Date shall be paid in full through the Plan, without interest, in equal quarterly payments over 30 years, beginning 30 days after the Effective Date of the Plan. Regular monthly payments will be made pursuant to the original loan terms from and after the Effective Date. **This class is impaired.**

   3.7. <u>Class B-4 (Ocwen Federal Bank, FSB secured claim)</u>: Class B-4 consists of the secured prepetition claim of Ocwen Federal Bank, FSB, (Claim No. 12), in the amount of $583,286.03 as of the filing date, secured by a deed of trust on the Debtor's real estate at 29, 15th Street, NE, Washington, D.C. **By Agreement with the Class B-4 Claimant, this secured claim shall be valued under 11 U.S.C. § 506(a) at $553,500.00 as of the Effective Date of the plan.** If this claimant disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by Debtor will be determined to be the value of the collateral. The balance of the claim shall be treated for all purposes as an unsecured Class C claim. The secured portion of the claim shall be paid in 360 monthly payments of $2,722.89 ($553,500.00 amortized over 30

CHUNG & PRESS, LLC
6404 IVY LANE SUITE 730
GREENBELT, MD 20770
(301) 924–4400
lawyer@brettweiss.com

years at an interest rate of 5.50% *per annum*), plus any escrow deposit for taxes and insurance as provided in the existing loan documents. **This class is impaired.**

3.8.  Class B-5 (Bank of America, N.A. secured claim): Class B-5 consists of the secured prepetition claim of Bank of America, N.A., (no claim filed), in the approximate amount of $254,200.00 as of the filing date, secured by a deed of trust on the Debtor's real estate at 3-5 West 122nd Street, New York, New York. Monthly payments are current on this claim, and will continue pursuant to the original loan terms. **This class is not impaired.**

3.9.  Class B-6 (CitiMortgage, Inc. secured claim): Class B-6 consists of the secured prepetition claim of CitiMortgage, Inc., (Claim No. 23), in the amount of $177,489.69 as of the filing date, secured by a deed of trust on the Debtor's real estate at 4613 Sharon Road, Temple Hills, Maryland. Monthly payments are current on this claim, and will continue pursuant to the original loan terms. **This class is not impaired.**

3.10.  Class B-7 (JPMorgan Chase Bank National Association secured claim): Class B-7 consists of the secured prepetition claim of JPMorgan Chase Bank National Association, (Claim No. 7), in the amount of $374,433.87 as of the filing date, secured by a deed of trust on the Debtor's real estate at 4711 Alcon Drive, Temple Hills, Maryland. **A Motion to Avoid Lien has been filed at Docket No. 371 regarding such claim and is pending. Assuming the Motion is granted, this secured claim shall be valued under 11 U.S.C. § 506(a) at $263,000.00 as of the Effective Date of the plan.** This valuation is per agreement with the creditor. If this claimant disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by Debtor will be determined to be the value of the collateral. The balance of the claim shall be treated for all purposes as an unsecured Class C claim. The secured portion of the claim shall be paid in 360 monthly payments of $1,293.80 ($263,000.00 amortized over 30 years at an interest rate of 4.25% *per annum*), plus an escrow deposit for taxes and insurance as provided in the existing loan documents. **This class is impaired.**

3.11.  Class B-8 (The Bank of New York Mellon Trust Company, National Association secured claim): Class B-8 consists of the secured prepetition claim of The Bank of New York Mellon Trust Company, National Association, (Claim No. 8), in the amount of $271,268.40 as of the filing date, secured by a deed of trust on the Debtor's real estate at 8103 Picard Lane, Upper Marlboro, Maryland. **By Agreement with the Class B-8 claimant, the property securing this claim shall be valued under 11 U.S.C. § 506(a) at $235,500.00 as of the Effective Date of the plan.** This valuation is per an appraisal dated April 16, 2014 (Exhibit D). If this claimant disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by Debtor will be determined to be the value of the collateral. The balance of the claim shall be treated for all purposes as an unsecured Class C claim. The secured portion of the claim shall be paid in 360 monthly payments of $1,228.48 ($235,500.00 amortized over 30 years at an interest rate of 4.75% *per annum*), plus any escrow deposit for taxes and insurance as provided in the existing loan documents, with a new maturity date of January

CHUNG & PRESS, LLC
6404 IVY LANE SUITE 730
GREENBELT, MD 20770
(301) 924–4400
lawyer@brettweiss.com

– 10 –

25, 2036, with any due and unpaid sums due and payable on that date.. **This class is impaired.**

    3.12.    <u>Class B-9 (US Bank National Association secured claim)</u>: Class B-9 consists of the secured prepetition claim of US Bank National Association, (Claim No. 13), in the amount of $67,786.13 as of the filing date, secured by a deed of trust on the Debtor's real estate at 8103 Picard Lane, Upper Marlboro, Maryland, which deed of trust is wholly unsecured pursuant to 11 U.S.C. § 506(a). Class B-9 shall be treated as part of Class C for voting and distribution purposes. **The property securing this claim shall be valued under 11 U.S.C. § 506(a) at $250,000.00 as of the effective date of the plan. As the Class B-8 claim is greater than the value of the collateral, the Class B-9 claim is wholly unsecured and shall be treated for all purposes as a Class C claim, and the Deed of Trust securing the Class B-9 claim shall be deemed void under 11 U.S.C. § 506(d) upon confirmation.** The Debtor may file a notice that the lien has been avoided in the Prince George's County, Maryland land records. If the holder of the Class B-9 claim disputes this valuation of the collateral and contends that it is not wholly unsecured, it must timely file an objection to confirmation, or the value stated by Debtor will be determined to be the value of the collateral and it will be deemed wholly unsecured. **This class is impaired.**

    3.13.    <u>Class B-10 (Bank of America, N.A. secured claim)</u>: Class B-10 consists of the secured prepetition claim of Bank of America, N.A. (no claim filed), in the approximate amount of $282,583.29 as of the filing date, secured by a deed of trust on the Debtor's real estate at 8107 Picard Lane, Upper Marlboro, Maryland. **This secured claim shall be valued under 11 U.S.C. § 506(a) at $237,000.00 as of the Effective Date of the plan.** This valuation is per Order of Court dated November 23, 2013 at Docket No. 320. If this claimant disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated will be determined to be the value of the collateral. The balance of the claim shall be treated for all purposes as an unsecured Class C claim. The secured portion of the claim shall be paid in 360 monthly payments of $1,165.90 ($237,000.00 amortized over 30 years at an interest rate of 4.25% *per annum,* said interest rate also being set pursuant to the Order at Docket No. 320), plus any escrow deposit for taxes and insurance as provided in the existing loan documents. **This class is impaired.**

    3.14.    <u>Class B-11 (Bank of America, N.A. secured claim)</u>: Class B-11 consists of the secured prepetition claim of Bank of America, N.A. (no claim filed), in the approximate amount of $70,374.49 as of the filing date, secured by a deed of trust on the Debtor's real estate at 8107 Picard Lane, Upper Marlboro, Maryland, which deed of trust is wholly unsecured pursuant to 11 U.S.C. § 506(a). Class B-11 shall be treated as part of Class C for voting and distribution purposes. **The property securing this claim shall be valued under 11 U.S.C. § 506(a) at $255,000.00 as of the effective date of the plan. As the Class B-10 claim is greater than the value of the collateral, the Class B-11 claim is wholly unsecured and shall be treated for all purposes as a Class C claim, and the Deed of Trust securing the Class B-11 claim shall be deemed void under 11 U.S.C. §**

**506(d) upon confirmation.** The Debtor may file a notice that the lien has been avoided in the Prince George's County, Maryland land records. If the holder of the Class B-9 claim disputes this valuation of the collateral and contends that it is not wholly unsecured, it must timely file an objection to confirmation, or the value stated by Debtor will be determined to be the value of the collateral and it will be deemed wholly unsecured. **This class is impaired.**

      3.15.   Class B-12 (Bank of America, N.A. secured claim): Class B-12 consists of the secured prepetition claim of Bank of America, N.A., (no claim filed), in the approximate amount of $95,269.00 as of the filing date, secured by a deed of trust on the Debtor's real estate at 845 Berkshire Terrace, Virginia Beach, Virginia. Monthly payments are current on this claim, and will continue pursuant to the original loan terms. **This class is not impaired.**

      3.16.   Class B-13 (NationStar Mortgage, LLC secured claim): Class B-13 consists of the secured prepetition claim of NationStar Mortgage, LLC, (Claim No. 2[1]), in the amount of $284,000.00 as of the filing date, secured by a deed of trust on the Debtor's real estate at 9016 Lake Largo Drive, Upper Marlboro, Maryland. **By agreement with the Class B-13 Claimant, this secured claim shall be valued under 11 U.S.C. § 506(a) at $240,500.00 as of the Effective Date of the plan.** If this claimant disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by Debtor will be determined to be the value of the collateral. The balance of the claim shall be treated for all purposes as an unsecured Class C claim. The secured portion of the claim shall be paid at a monthly rate of $1,365.53 ($240,500.00 amortized over 30 years at an interest rate of 5.50% *per annum*), plus any escrow deposit for taxes and insurance as provided in the existing loan documents, with a new maturity date of September 1, 2036, with any due and unpaid sums due and payable on that date. **This class is impaired.**

      3.17.   Class B-14 (E*Trade secured claim): Class B-14 consists of the secured prepetition claim of E*Trade (Claim No. 4), in the amount of $70,523.47 as of the filing date, secured by a lien against 9016 Lake Largo Drive, Upper Marlboro, Maryland, which deed of trust is wholly unsecured pursuant to 11 U.S.C. § 506(a). Class B-14 shall be treated as part of Class C for voting and distribution purposes. A Motion to Avoid Lien has been filed at Docket No. 365 regarding such claim and is pending. Assuming the Motion is granted, **the property securing this claim shall be valued under 11 U.S.C. § 506(a) at $245,000.00 as of the effective date of the plan. As the Class B-13 claim is greater than the value of the collateral, the Class B-14 claim is wholly unsecured and shall be treated for all purposes as a Class C claim, and the Deed of Trust securing the Class B-14 Claim shall be deemed void under 11 U.S.C. § 506(d) upon confirmation.** The Debtor may file a notice that the lien has been avoided in the Prince George's County, Maryland land records. If the holder of the Class B-14 claim disputes this valua-

---

[1] This claim was transferred to Nationstar Mortgage pursuant to an Assignment of Claims Transfer Agreement at Docket No. 202.

tion of the collateral and contends that it is not wholly unsecured, it must timely file an objection to confirmation, or the value stated by Debtor will be determined to be the value of the collateral and it will be deemed wholly unsecured. **This class is impaired.**

3.18.   Class B-15 (US Bank National Association secured claim): Class B-15 consists of the secured prepetition claim of US Bank National Association, (Claim No. 17), in the amount of $273,834.13 as of the filing date, secured by a deed of trust on the Debtor's real estate at 9631 Reiker Drive, Upper Marlboro, Maryland 20774. **By Agreement with the Class B-15 Claimant, this secured claim shall be valued under 11 U.S.C. § 506(a) at $237,000.00 as of the Effective Date of the plan.** If this claimant disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by Debtor will be determined to be the value of the collateral. The balance of the claim shall be treated for all purposes as an unsecured Class C claim. The secured portion of the claim shall be paid in 360 monthly payments of $1,272.27 ($237,000.00 amortized over 30 years at an interest rate of 5.00% *per annum*), plus an escrow deposit for taxes and insurance, with a new maturity date of December 1, 2040. **This class is impaired.**

3.19.   Class B-16 (Residential Funding Company, LLC secured claim): Class B-16 consists of the secured prepetition claim of Residential Funding Company, LLC, (Claim No. 9), in the amount of $58,025.65 as of the filing date, secured by a deed of trust on the Debtor's real estate at 9631 Reiker Drive, Upper Marlboro, Maryland, which deed of trust is wholly unsecured pursuant to 11 U.S.C. § 506(a). Class B-16 shall be treated as part of Class C for voting and distribution purposes. A Motion to Avoid Lien has been filed at Docket No. 366 regarding such claim and is pending. Assuming the Motion is granted, t**he property securing this claim shall be valued under 11 U.S.C. § 506(a) at $264,000.00 as of the Effective Date of the plan. As the Class B-15 claim is greater than the value of the collateral, the Class B-16 claim is wholly unsecured and shall be treated for all purposes as a Class C claim, and the Deed of Trust securing the Class B-16 Claim shall be deemed void under 11 U.S.C. § 506(d) upon confirmation.** The Debtor may file a notice that the lien has been avoided in the Prince George's County, Maryland land records. If the holder of the Class B-16 claim disputes this valuation of the collateral and contends that it is not wholly unsecured, it must timely file an objection to confirmation, or the value stated by Debtor will be determined to be the value of the collateral and it will be deemed wholly unsecured. **This class is impaired.**

3.20.   Class B-17 (Bank of America, N.A. secured claim): Class B-17 consists of the secured prepetition claim of Bank of America, N.A., (no claim filed), in the approximate amount of $121,940.00 as of the filing date, secured by a deed of trust on the Debtor's real estate at 9701 Reiker Drive, Largo, Maryland. Monthly payments are current on this claim, and will continue pursuant to the original loan terms. **This class is not impaired.**

3.21.   Class B-18 (Village Lofts of Saint Anthony secured claim): Class B-11 consists of the secured prepetition claim of Village Lofts of Saint Anthony (Claim No. 14), in

the amount of $6,271.47 as of the filing date, secured by a lien on the Debtor's real estate at 100 2nd Street NE, A310, Minneapolis, Minnesota, which lien is wholly unsecured pursuant to 11 U.S.C. § 506(a). Class B-18 shall be treated as part of Class C for voting and distribution purposes. **A Motion to Avoid Lien has been filed at Docket No. 370 regarding such claim and is pending. Assuming the Motion is granted, the property securing this claim shall be valued under 11 U.S.C. § 506(a) at $570,000.00 as of the effective date of the plan. As the Class B-1 claim is greater than the value of the collateral, the Class B-18 claim is wholly unsecured and shall be treated for all purposes as a Class C claim, and the lien securing the Class B-18 claim shall be deemed void under 11 U.S.C. § 506(d) upon confirmation.** The Debtor may file a notice that the lien has been avoided in the appropriate land records. If the holder of the Class B-18 claim disputes this valuation of the collateral and contends that it is not wholly unsecured, it must timely file an objection to confirmation, or the value stated by Debtor will be determined to be the value of the collateral and it will be deemed wholly unsecured. **This class is impaired.**

      3.22.   <u>Class C (General Unsecured Claims).</u> Class C consists of all general unsecured claims against the Debtor, including Classes B-9, B-11, B-14, B-16 and B-18. Holders of Class C claims shall be paid, *pro rata,* a total of $300,000.00, of which $5,000.00 shall come from the funds contributed under Section IX(B), to be paid as follows:

- $5,000.00 on the Effective Date of the Plan
- $25,000.00 on the first anniversary date of the Effective Date of the Plan
- $50,000.00 on the second anniversary date
- $60,000.00 on the third anniversary date
- $70,000.00 on the fourth anniversary date
- $90,000.00 on the fifth anniversary date

The *pro rata* share of the claimed amount of any claims which are then subject to objections as to which a Final Order has not been entered shall be deposited in an interest bearing bank account until a Final Order is entered. When Final Orders are entered disallowing or allowing and liquidating all Class C claims, the remaining funds in the bank account shall be distributed to the holders of all Class C claims *pro rata*. Payments on Class C claims shall be mailed to the address of the creditor on the proof of claim (or, if allowed pursuant to the schedules, to the address on the schedules), unless the creditor files a change of address notice with the Court. In the event any quarterly distribution to any creditor would be less than $10.00, the funds shall be held by the Debtor until the accumulated amount to be paid equals or exceeds $10.00, except that the final distribution shall pay all funds then due under the plan without regard to a minimum periodic distribution. **This class is impaired.**

      3.23.   <u>Class D (Equity Interests)</u>. The Debtor shall retain his existing equity interests in the Estate upon payment to the estate on the Effective Date of $5,000.00 in new value from a family member or other assets that are exempt or are not property of the estate.

CHUNG & PRESS, LLC
6404 IVY LANE SUITE 730
GREENBELT, MD 20770
(301) 924–4400
lawyer@brettweiss.com

Such payment shall fund the initial effective date payment to the Class C creditors. **This class is impaired.**

## ARTICLE IV - EXECUTION OF PLAN

The Debtor shall fund this Plan with income from rents from real estate and, if necessary, from the sale of certain of his currently owned properties with equity (after Court approval of such sale), plus a payment to the estate of $5,000.00 in new value from a family member or other assets that are exempt or are not property of the estate, which payment shall fund the initial effective date payment to the Class C creditors. The Debtor shall retain the Assets of the estate, and shall pay ordinary living expenses, pay the operating expenses for the real estate, and pay the creditors the amounts set forth in the Plan from the proceeds thereof. Consistent with the provisions of this Plan and subject to any releases provided for herein, the Debtor reserves the right to begin or continue any adversary proceeding permitted under the Code and Rules to collect any debts, or to pursue claims in any court of competent jurisdiction. Except as expressly provided for in this Plan, nothing in this Plan shall be deemed to constitute a waiver of any claim that the Debtor may assert against any other party, including the holder of any claim provided for in this Plan, and the allowance of any claim against the Debtor or the estate shall not bar any claim by the Debtor against the holder of such claim.

## ARTICLE V - RETENTION OF JURISDICTION

1. Pursuant to §§ 105(a) and 1142 of the Bankruptcy Code, the Plan provides for the Bankruptcy Court to retain exclusive jurisdiction over all matters relating to the Plan, including the allowance of Claims and the adjudication of any Avoidance Actions. Upon substantial consummation of the plan, the case shall be closed, but shall be subject to reopening to enforce the terms of this Plan and to enter a discharge. This provision serves to avoid the need to pay U.S. Trustee fees after substantial consummation, an expense Debtor can ill afford.

2. The Confirmation Order shall entitle the Debtor to manage his financial affairs without further Order of the Court.

3. The Confirmation Order shall permit the Debtor in his discretion to obtain new and additional credit and/or loans from any source, which credit or loans may be secured by the Debtor's assets, without further Order of the Bankruptcy Court.

## ARTICLE VI - EXECUTORY CONTRACTS AND LEASES

Any prepetition Executory Contracts and Leases in effect as of the Effective Date (other than any leases to tenants) and not specifically rejected will be deemed rejected as of the Effective Date. Any Claims arising from the rejection of Contracts and Leases must be filed on or before the Rejection Claim Bar Date. The Rejection Claim Bar Date is 30 days after the Effective Date, or, if later, 30 days after entry of any Final Order rejecting

**CHUNG & PRESS, LLC**
6404 IVY LANE SUITE 730
GREENBELT, MD 20770
(301) 924–4400
lawyer@brettweiss.com

the Executory Contract or Lease. Absent the filing of a proof of claim on or before the Rejection Claim Bar Date, all Rejection Claims shall be forever barred from assertion and shall not be enforceable against the Debtor, its Estate, Assets, or properties. All Rejection Claims shall be General Unsecured Claims.

## ARTICLE VII - MODIFICATION OF PLAN

The Debtor may submit modifications to the Plan at any time before Confirmation pursuant to § 1127(a) of the Code, and thereafter in accordance with § 1127(b) or (e). After confirmation, the plan may be modified pursuant to § 1127(e). The payments on the Class B claims shall not be deemed payments under the Plan for purposes of § 1127(e).

## ARTICLE VIII - DISCHARGE AND CLOSING

A.  Upon completion of all payments due to Class C creditors, the Debtor shall be entitled to a discharge of and from all debts dischargeable under § 1141(d) of the Code (which shall include the Class B and C claims). The payments on the Class B claims shall not be deemed payments under the plan for purposes of § 1141(d)(5)(A), such that the Debtor shall be entitled to his discharge upon completion of payments to Class C claims.

B.  Upon the substantial consummation of the Plan, the case shall be closed, but shall be subject to reopening to enforce the terms of this Plan and to enter a discharge.

## ARTICLE IX - MISCELLANEOUS

A.  No creditor may take any collection action against Debtor or property of the estate or of the Debtor so long as Debtor is not in Material Default in performing his obligations to such creditor under the Plan.

B.  On the Effective Date of the Plan, the Debtor's existing equity interests in the Estate shall be cancelled. Debtor will pay the sum of $5,000.00 as new value to reacquire the equity in the Estate, which new sum will come from a family member and/or other assets that are not property of the Estate. Following such payment, all property of the estate will vest in the reorganized Debtor pursuant to § 1141(b) of the Code free and clear of all claims and interests except as specifically provided in this Plan.

C.  Except as specifically provided in this Plan, the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under state law. To the extent a creditor retains a lien under the Plan, except as provided in this Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

CHUNG & PRESS, LLC
6404 IVY LANE SUITE 730
GREENBELT, MD 20770
(301) 924–4400
lawyer@brettweiss.com

April 21, 2014                                    Respectfully submitted,

                                                               CHUNG & PRESS, LLC

                                                               By:   /s/ Brett Weiss_____
                                                                        Brett Weiss, Bar No. 02980
                                                                       6404 Ivy Lane, Suite 730
                                                                       Greenbelt, Maryland 20770
                                                                       (301) 924-4400
                                                                       Brett@BankruptcyLawMaryland.com